Defendant-appellant, James Shock, appeals his conviction in the Jefferson County Court of Common Pleas on a single count of rape.
On January 9, 1997, a Jefferson County Grand Jury indicted appellant on two counts of rape, in violation of R.C. 2907.02(A)(1)(b) and one count of theft, in violation of R.C. 2913.02(A) 1). Pursuant to a negotiated agreement, appellant entered a plea of guilty to one count of rape in exchange for having the remaining counts dismissed. A sentencing hearing was held on February 27, 1997, at which appellant received a term of imprisonment of ten years, the maximum available sentence for the offense. On March 27, 1997, appellant filed a timely notice of appeal.
Appellant's sole assignment of error states:
 "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT SENTENCED THE DEFENDANT TO THE MAXIMUM PROVIDED BY LAW IN CONTRAVENTION OF OHIO REVISED CODE SECTIONS 2929.14 (B) and (C)."
Appellant pled guilty to one count of rape, in violation of R.C. 2907.02 (A) (1) (b). Rape is a felony of the first degree. R.C. 2907.02 (B). For a felony of the first degree the prison term shall be three, four, five, six, seven, eight, nine, or ten years. R.C. 2929.14 (A) (1). Appellant received a sentence of ten years, the maximum authorized by the statute. Appellant argues that in imposing the maximum sentence for the offense, the trial court failed to follow the requirements of R.C.2929.14 (B) and (C).
R.C. 2929.14 (B) and (C) provide:
 "(B) Except as provided in division (C), (D)(2), (D)(3), or (G) of this section, in section 2907.02
of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
 "(C) Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D) (2) of this section."
Appellant claims that the trial court failed to state on the record that the shortest prison term would demean the seriousness of the offense, or that it would not adequately protect the public from future crime by the offender, as required by R.C. 2929.14 (B), and that the trial court failed to make a determination that appellant committed the worst form of the offense as required by R.C. 2929.14 (C).
R.C. 2953.08 (G) (1) provides that this court may increase, reduce, or otherwise modify a felony sentence, or may vacate the sentence and remand the matter to the trial court for resentencing if this court clearly and convincingly finds that the record does not support the sentence or that the sentence is otherwise contrary to law. With this standard in mind we turn to the record in the instant case.
At the sentencing hearing conducted on February 27, 1997, the trial court noted that two factors made appellant's conduct more serious than normal. The first was that the mental injury suffered by the victim had been exacerbated because of her age, and the second was that appellant's relationship to the victim had facilitated the offense. The trial court also found several factors indicative of a likelihood of appellant committing future crimes. Specifically, appellant had been on probation from another court at the time of the offense. The offense appellant had been on probation for was a sexually oriented offense. The trial court also noted that appellant had previously been adjudicated a delinquent child and that appellant had not responded favorably to the sanctions imposed for the sexually oriented offenses he had been on probation for. In addition, the trial court expressed its reservations over appellant's claim of remorse and stated that none of the factors indicating a likelihood of not committing future crimes was present.
The trial court's journal entry was filed on March 3, 1997. After describing the proceedings and the evidence heard, the trial court stated:
 "The Court finds that the mental injuries suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the age of the victim; that the victim of the offense suffered serious psychological harm as a result of the offense; that the offender's relationship with the victim facilitated the offense; that the offender was on probation for prior sexual offenses and had not complied with the terms and conditions imposed upon him by that Court. The Court further finds that the probation previously granted by the Cuyahoga County Common Pleas Court had been revoked on a term of imprisonment imposed upon the Defendant for his prior sexual offenses.
 "The Court further finds that the Defendant had been adjudicated a delinquent child, that he has not been rehabilitated to a satisfactory degree and that he has shown a continual pattern of sexual offenses. The Court finds no factor indicating a likelihood of the offender not committing future crimes."
Our review of the record fails to demonstrate that the trial court made the necessary findings prior to imposing the maximum sentence for the offense. From the trial court's statements, both in the journal entry and at the sentencing hearing, we are unable to determine whether the trial court deviated from the minimum sentence based on said term being demeaning of the seriousness of appellant's conduct or because the minimum term would fail to adequately protect the public from future crime. Although this court might speculate as to the trial court's reasoning, the statute requires that the trial court state its reasons on the record precisely to avoid such speculation.
With respect to the imposition of the maximum sentence, we note that while the trial court stated that appellant's conduct was more serious than normal and that there was a likelihood of recidivism, the statute reserves the maximum sentence for offenders whose conduct is the worst form of the offense, or for offenders who pose the greatest likelihood of committing future crimes. R.C. 2929.14 (C). (Emphasis added.). The instant record fails to demonstrate that the trial court made either of these findings.
Accordingly, appellant's sole assignment of error is found to have merit.
Appellant's sentence is hereby vacated and the matter is remanded to the trial court for resentencing.
Cox, J. concurs.
Vukovich, J., concurs in judgment only.
APPROVED:
 __________________________ Gene Donofrio Judge